FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

★ AUG 0 2 2011, ★

LONG ISLAND OFFICE

--------------------------------------------------------
ORUCH LOWENBEIN on behalf of himself and
all others similarly situated

                    Plaintiff,

        -against-

GC SERVICES LIMITED PARTNERSHIP

                  Defendant.

--------------------------------------------------------

**CV 11 3742**

**GLEESON, J**

**AZRACK, M.**

**SUMMONS ISSUED**

### CLASS ACTION COMPLAINT

#### Introduction

1.    Oruch Lowenbein seeks redress for the illegal practices of GC Services Limited
Partnership concerning the collection of debts, in violation of the Fair Debt Collection
Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") the Telephone Communications
Privacy Act, 47 U.S.C. § 227.

#### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in
that the alleged debt that defendant sought to collect from plaintiff is a consumer debt.

4.    Upon information and belief, GC Services Limited Partnership is a Texas limited
partnership with its principal place of business located in Houston, Texas.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by
consumers.

6.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
     1692(a)(6).

**Jurisdiction and Venue**

7.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
     1331.  The Court has supplemental jurisdiction for the TCPA claim.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
     transactions that give rise to this action occurred, in substantial part, in this district.
     Venue is also proper in this district since the defendant transacts business in this district
     and the collection letter was sent into this district.

**Allegations Particular to Oruch Lowenbein**

9.   As of August 1, 2011 the defendant left fifteen messages for the plaintiff without the
     disclosing that the communication was from a debt collector.

10.  The defendant's collection representatives left messages for the plaintiff in his voice
     mail which were either pre-scripted or pre-recorded.

11.  Said messages were generated from an automated dialer to the plaintiff's wireless
     telephone number for which the plaintiff was charged for each call.

12.  The defendant failed to set forth that the message was a communication from a debt
     collector.

13.  The defendant's leaving of the pre-recorded messages caused the plaintiff to incur
     additional charges in violation of 1692f(5).

14.  The said telephone messages are in violation of the Fair Debt Collection Practices Act,
     15 U.S.C. §§  1692e(10), 1692e(11) and 1692f(5).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiffs on behalf of himself and the members of a class, as against the defendant.*

15. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-14 as if set forth fully in this Cause of Action.

16. This action is brought on behalf of plaintiff and the members of a class.

17. The Class consists of consumers who were left a telephone message concerning a consumer debt without having been informed that the communication was from a debt collector.

18. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) that the telephone messages were in violation 15 U.S.C. §§ 1692e(11) and 1692e(10).

19. A sub-class exists for those class members who incurred a charge for the leaving of the illegal message in violation of 1692f(5).

20. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff is typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

21. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. If the facts are discovered to be appropriate, the plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

23. Telephonic messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

24. The actions of the defendant violate the Fair Debt Collection Practices Act.

25. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in their favor and on behalf of the members of the class, and against the defendant and award damages as follows:

      (a)    Statutory damages and actual damages for the sub-class provided under the FDCPA, 15 U.S.C. 1692(k);

      (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

      (c)    Any other relief that this Court deems appropriate and just under the circumstances.

### **AS AND FOR A SECOND CAUSE OF ACTION**

### *Violations of the Telephone Consumer Protection Act brought by plaintiff*

26. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-13 as if set forth fully in this Cause of Action.

27. The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating twenty-four telephone calls to the plaintiff's wireless telephone number using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiff to leave such messages.

28. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiff by defendant.

29. The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

30. Defendant has repeatedly violated the TCPA by the calls made to plaintiffs specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act

31. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiffs have not consented to the use of the wireless telephone number at issue.

32. Each call is a separate violation and entitles plaintiffs to statutory damages against defendant in the amount of $500.00 per call.

33. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

34. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agency's have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

### *Violations of the Telephone Communications Privacy Act*

35. The actions of the defendant violate the TCPA.

36. Because the defendant intentionally violated the TCPA, the plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiff and $1500 for each call where the defendant failed to leave the legal name of the defendant in other words two sets of violations warranting treble damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

      (a) Statutory damages provided under the TCPA and injunctive relief;

      (b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
August 1, 2011

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

-8-