UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORUCH LOWENBEIN on behalf of himself and all others similarly situated,<br><br>                          Plaintiff,<br><br>        - against -<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>                         Defendant. | 11-cv-03742 (JG)(JMA)<br><br>**ANSWER** |

Defendant GC SERVICES LIMITED PARTNERSHIP, ("Defendant" or "GC"), by and through its attorney, HINSHAW & CULBERTSON LLP, for its answer to Plaintiff's Class Action Complaint (the "Complaint"), states as follows:

**IN RESPONSE TO THE ALLEGATIONS
UNDER THE HEADING "INTRODUCTION"**

1.      Denies the allegations contained in paragraph 1 of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

**IN RESPONSE TO THE ALLEGATIONS
UNDER THE HEADING "PARTIES"**

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.      The allegations contained in paragraph 3 of the Complaint purport to state conclusions of law which do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admits that Defendant is a limited partnership and is not incorporated in New York.

5.      Denies the allegations contained in paragraph 5 of the Complaint, except admits that it is not a non-profit entity and that it collects debt.

6.      The allegations contained in paragraph 6 of the Complaint purport to state conclusion of law which do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

### IN RESPONSE TO THE ALLEGATIONS
### UNDER THE HEADING "JURISDICTION AND VENUE"

7.      The allegations contained in paragraph 7 of the Complaint purport to state conclusions of law which do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

8.      The allegations contained in paragraph 8 of the Complaint purport to state conclusion of law which do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

### IN RESPONSE TO THE ALLEGATIONS UNDER
### THE HEADING "ALLEGATIONS PARTICULAR TO ORUCH LOWENBEIN"

9.      Denies the allegations contained in paragraph 9 of the Complaint.

10.     Denies the allegations contained in paragraph 10 of the Complaint, except admits Defendant attempted to communicate with Plaintiff.

11.     Denies the allegations contained in paragraph 11 of the Complaint.

12.     Denies the allegations contained in paragraph 12 of the Complaint.

13.     Denies the allegations contained in paragraph 13 of the Complaint.

14.     Denies the allegations contained in paragraph 14 of the Complaint.

130178347  0926449

**IN RESPONSE TO THE ALLEGATIONS**
**UNDER THE HEADING "AS AND FOR A FIRST CAUSE OF ACTION"**

15.     Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 14 of the Complaint, as if fully set forth herein.

16.     Denies the allegations contained in paragraph 16 of the Complaint, except admits that Plaintiff purports to proceed as stated therein.  Furthermore, Defendant denies Plaintiff has any valid claims, denies any putative class members have any valid claims and denies any class exists.

17.     Denies the allegations contained in paragraph 17 of the Complaint.

18.     Denies the allegations contained in paragraph 18 of the Complaint.

19.     Denies the allegations contained in paragraph 19 of the Complaint.

20.     Denies the allegations contained in paragraph 20 of the Complaint and all its subparts.

21.     The allegations contained in paragraph 21 of the Complaint purport to state conclusions of law which do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

22.     Denies the allegations contained in paragraph 22 of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

23.     The allegations contained in paragraph 23 of the Complaint purport to state conclusions of law which do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

**IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING**
**"VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT"**

24.     Denies the allegations contained in paragraph 24 of the Complaint.

25.     Denies the allegations contained in paragraph 25 of the Complaint.

130178347  0926449

**IN RESPONSE TO THE ALLEGATIONS
UNDER THE HEADING "AS AND FOR A SECOND CAUSE OF ACTION"**

26.     Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 25 of the Complaint, as if fully set forth herein.

27.     Denies the allegations contained in paragraph 27 of the Complaint.

28.     Denies the allegations contained in paragraph 28 of the Complaint.

29.     The allegations contained in paragraph 29 of the Complaint purport to state conclusions of law which do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

30.     Denies the allegations contained in paragraph 30 of the Complaint.

31.     Denies the allegations contained in paragraph 31 of the Complaint.

32.     The allegations contained in paragraph 32 of the Complaint purport to state conclusions of law which do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

34.     Denies the allegations contained in paragraph 34 of the Complaint.

**IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING
"VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PRIVACY ACT"**

35.     Denies the allegations contained in paragraph 35 of the Complaint.

36.     Denies the allegations contained in paragraph 36 of the Complaint.

**AFFIRMATIVE DEFENSES
<u>FIRST AFFIRMATIVE DEFENSE</u>**

37.     Plaintiff's claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

130178347  0926449

4

## SECOND AFFIRMATIVE DEFENSE

38.     This Court lacks original jurisdiction over the Telephone Consumer Protection Act ("TCPA") claims.  47 U.S.C. §227(b)(3).

## THIRD AFFIRMATIVE DEFENSE

39.     Any violation of the Fair Debt Collection Practices Act, which Defendant denies occurred, was not intentional and would have resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## FOURTH AFFIRMATIVE DEFENSE

40.     Defendant established and implemented, with due care, any reasonable practices and procedures to effectively prevent violations of the TCPA.

## FIFTH AFFIRMATIVE DEFENSE

41.     Plaintiff consented to being telephoned and/or contacted at the telephone numbers provided.

## SIXTH AFFIRMATIVE DEFENSE

42.     Plaintiff's TCPA claim is barred if Plaintiff provided prior express consent to be called on his cellular telephone number by providing the wireless number to the creditor during the transaction that resulted in the debt owed or to Defendant.  *Rules and Regulations Implementing the Telephone Consumer Protection Act of* 1991, 7 FCC Rcd 8752 (1992).

## SEVENTH AFFIRMATIVE DEFENSE

43.     Any violation of the FDCPA or the TCPA, which Defendant denies occurred, was caused by and/or resulted from the contributory negligence of Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

44.     Any recovery to the Plaintiff, which Defendant denies is appropriate, should be set-off by the amount that the Plaintiff owes on the underlying debt.

130178347  0926449

## NINTH AFFIRMATIVE DEFENSE

45.    Plaintiff's claims are barred or diminished due to Plaintiff's failure to mitigate damages.

## TENTH AFFIRMATIVE DEFENSE

46.    Plaintiff's claims are barred, in whole or in part, by legal or equitable doctrines including but not limited to estoppel, waiver and unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

47.    To the extent that any violation of the FDCPA or the TCPA occurred, which Defendant denies, it resulted from good faith reliance upon incorrect information offered by other persons or entities other than an agent, servant or employee of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

48.    Defendant objects to the definition of the "class" set forth in the Complaint.  In the event that Plaintiff moves, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for leave to maintain this lawsuit as a class action, to certify a class for purposes of adjudicating the claims in the Complaint, and/or to certify Plaintiff as class representative, Defendant reserves the right to object to any definition of the class that is proposed by Plaintiff including, but not limited to, the definition of "class" that is set forth in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

49.    Plaintiff's claims are not typical of the class members' individual claims and, therefore, Plaintiff is not an appropriate class representative

## FOURTEENTH AFFIRMATIVE DEFENSE

50.    Defendant reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

130178347  0926449

**WHEREFORE,** Defendant GC Services Limited Partnership respectfully requests that the Court dismiss the Complaint in its entirety, and grant such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
       October 3, 2011

HINSHAW & CULBERTSON LLP
*Attorneys for Defendant*
*GC Services Limited Partnership*


By: /s/ *Concepcion A. Montoya*_____
       Concepcion A. Montoya (CM-7147)

780 Third Avenue, 4th Floor
New York, NY 10017
(212) 471-6200

TO:    Adam J. Fishbein, Esq.
       *Attorney for Plaintiff*
       483 Chestnut Street
       Cedarhurst, NY  11516
       (516) 791-4400

130178347  0926449